**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------X

DELPHI CRE FUNDING LLC,             :

                                :

                Plaintiff,         :        Case No.: 1:25-CV-03906-RMB

                                :

           - against -            :

                                :

CHRISTOPHER BEAVOR,            :

                                :

                Defendant.       :

-------------------------------------------------------------------------X

 

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
CROSS-MOTION TO DISMISS ON *FORUM NON CONVENIENS* GROUNDS**

 

HUNTON ANDREWS KURTH LLP
Patrick L. Robson
Silvia N. Ostrower
Mitchell E. McCloy
200 Park Avenue
New York, NY  10166
(212) 309-1000

*Attorneys for Plaintiff
Delphi CRE Funding LLC*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ............................................................................................................................. 2

I.    THE FORUM SELECTION CLAUSE MUST BE ENFORCED. ....................................... 3

    A.    The Forum Selection Clause in the Guaranty Is Mandatory ......................................... 3

    B.    Enforcement of the Forum Selection Clause Is Reasonable. ........................................ 8

II.   THE ACTION SHOULD NOT BE DISMISSED ON FORUM NON CONVENIENS
GROUNDS. ......................................................................................................................... 11

    A.    Plaintiff's Choice of Forum Is Entitled to Substantial Deference. .............................. 12

    B.    Defendant Failed to Establish that the Private and Public Interest Factors Tilt the
Balance in Favor of Dismissal. ................................................................................... 14

        1.    Private Interest Factors ..................................................................................... 14
        2.    Public Interest Factors ...................................................................................... 17

CONCLUSION ........................................................................................................................ 18

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*AGR Fin., L.L.C. v. Ready Staffing, Inc.*,
    99 F. Supp. 2d 399 (S.D.N.Y. 2000)............................................................................6

*Aguas Lenders Recovery Grp. v. Suez, S.A.*,
    585 F.3d 696 (2d Cir. 2009)...................................................................................5

*Bank Leumi v. Ehrlich*,
    98 F. Supp. 3d 637 (S.D.N.Y. 2015)......................................................................4, 5

*City of New York v. Pullman Inc.*,
    477 F. Supp. 438 (S.D.N.Y. 1979) ........................................................................6

*Cromer Fin. Ltd. v. Berger*,
    158 F. Supp. 2d 347 (S.D.N.Y. 2001)....................................................................17

*DiRienzo v. Philip Servs. Corp.*,
    294 F.3d 21 (2d Cir. 2002).....................................................................................16

*Dunne v. Libbra*,
    330 F.3d 1062 (8th Cir. 2003) ...............................................................................8

*Eastman Chem. Co. v. Nestle Waters Mgmt. & Tech.*,
    2011 WL 4005345 (S.D.N.Y. Aug. 29, 2011)........................................................4

*Effron v. Sun Line Cruises, Inc.*,
    67 F.3d 7 (2d Cir. 1995).........................................................................................16

*Ehrlich-Bober & Co. v Univ. of Houston*,
    49 N.Y.2d 574 (N.Y. 1980) ...................................................................................18

*Eslworldwide.com, Inc. v. Interland, Inc.*,
    2006 WL 1716881 (S.D.N.Y. June 21, 2006) .......................................................3

*Export-Import Bank of U.S. v. Hi-Films S.A. de C.V.*,
    2010 WL 3743826 (S.D.N.Y. Sept. 24, 2010)........................................................6

*Flextronics Da Amazonia Ltda. v. CRW Plastics USA, Inc.*,
    2023 WL 8270818 (2d Cir. Nov. 30, 2023)...........................................................4

*Global Art Exhibitions, Inc. v. Kuhn & Bülow Italia Versicherungsmakler GmbH*,
    607 F. Supp. 3d 421 (S.D.N.Y. 2022)....................................................................12

*Global Seafood Inc. v. Bantry Bay Mussels Ltd.*,
    659 F.3d 221 (2d Cir. 2011)...................................................................................8

*Greyhawk Hawthorne Lender, LLC v. Vella*,
  2025 WL 1730258 (S.D.N.Y. June 23, 2025) ....................................................................7, 8

*Gulf Oil Corp. v. Gilbert*,
  330 U.S. 501 (1947).....................................................................................................11, 12, 17

*Hudson Valley Bank, N.A. v. Banxcorp*,
  2010 WL 3516076 (Sup. Ct. Westchester Cty. Sept. 7, 2010) .................................................14

*Int'l Paving Sys., Inc. v. Van-Tulco, Inc.*,
  866 F. Supp. 682 (E.D.N.Y. 1994) .......................................................................................16

*Iragorri v. United Techs. Corp.*,
  274 F.3d 65 (2d Cir. 2001).....................................................................................12, 13, 14

*John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc.*,
  22 F.3d 51 (2d Cir. 1994).......................................................................................................8

*Koninklije Philips Elecs. v. Digital Works, Inc.*,
  358 F. Supp. 2d 328 (S.D.N.Y. 2005)...............................................................................3, 8

*Lau v. Wells Fargo & Co.*,
  2021 WL 1198964 (S.D.N.Y. Mar. 30, 2021) ..........................................................................13

*Maersk, Inc. v. Neewra, Inc.*,
  554 F. Supp. 2d 424 (S.D.N.Y. 2008)...................................................................................11

*Massaquoi v. Virgin Atlantic Airways*,
  945 F. Supp. 58 (S.D.N.Y. 1996) ........................................................................................17

*Miller v. Calotychos*,
  303 F. Supp. 2d 420 (S.D.N.Y. 2004)...................................................................................17

*MRP Trading I A, LLC v. Eberhart*,
  526 F. Supp. 3d 470 (D. Minn. 2021).....................................................................................8

*N. Leasing Sys., Inc. v. French*
  48 Misc.3d 43 (1st Dep't 2015) ...........................................................................................10

*In re Nine West Holdings, Inc.*,
  614 B.R. 175 (Bkrtcy. S.D.N.Y. 2020)....................................................................................15

*Norex Petroleum Ltd. v. Access Indus., Inc.*,
  416 F.3d 146 (2d Cir. 2005)...................................................................................................11

*Phillips v. Audio Active Ltd.*,
  494 F.3d 378 (2d Cir. 2007)...............................................................................................3, 11

iii

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981)..................................................................................................11

*Shipping Corp. of India, Ltd. v. American Bureau of Shipping*,
    603 F. Supp. 801 (S.D.N.Y. 1985) .........................................................................17

*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*,
    549 U.S. 422 (2007)..................................................................................................12

*Snapper, Inc. v. Redan*,
    171 F.3d 1249 (11th Cir. 1999) .................................................................................6

*Star Colbert v. Dougan*,
    724 F. Supp. 3d 304 (S.D.N.Y. 2024)......................................................................14

*Sterling Nat'l Bank as Assignee of NorVergence v. Eastern Shipping Worldwide*,
    826 N.Y.S.2d 235 (1st Dep't 2006) .........................................................................11

*U.S. Mdse., Inc. v. L&R Distribs., Inc.*,
    122 A.D.3d 613 (2d Dep't 2014) .............................................................................10

*Wells Fargo Century, Inc. v. Brown*,
    475 F. Supp. 2d 368 (S.D.N.Y. 2007)............................................................... *passim*

**Statutes**

New York General Obligations Law ...........................................................................10

**Other Authorities**

CPLR 3213......................................................................................................................7

Fed. R. Civ. P. 14(a) ....................................................................................................16

iv

Plaintiff, Delphi CRE Funding LLC (**"Plaintiff"** or **"Delphi"**), respectfully submits this memorandum of law in opposition to Defendant Christopher Beavor's (**"Defendant"** or **"Guarantor"**) Cross-Motion to Dismiss the action on *forum non conveniens* grounds (**"Cross-Motion"**).[1] For the reasons that follow, the Cross-Motion should be denied.

## PRELIMINARY STATEMENT

To induce the making of a $138 million loan, Defendant "irrevocably and unconditionally" guaranteed the payment of the Debt upon the occurrence of certain events. Now that he is demanded to perform under the Guaranty, Defendant seeks to escape liability by ignoring the unambiguous forum selection clause in the Guaranty and raising objections and defenses he has already waived.

The Guaranty has a mandatory forum selection clause, which requires that any action arising from the Guaranty be litigated in the federal or state courts in New York City, at Plaintiff's option. It is mandatory because it precludes Defendant from raising any venue or *forum non conveniens* objections, because Defendant irrevocably submitted to the jurisdiction of those courts, and because once Plaintiff chooses the forum, the choice is binding on Defendant. Defendant's argument that the clause is permissive and not enforceable is contrary to settled New York law. And his allegation that it is unreasonable because of a lack of nexus between this action and New York disregards not only the multiple contacts with the forum, but also Defendant's own admission—in writing—that New York has a substantial relationship to the

---

[1] Defendant filed a single brief including both his Cross-Motion for Dismissal and his Opposition to Plaintiff's Motion for Summary Judgment (ECF 17). This memorandum of law addresses the arguments raised by Defendant in his Cross-Motion for Dismissal only. (*See* ECF 16.) Plaintiff will file separately a Reply in further support of its Motion for Summary Judgment on July 11, in which it will address the arguments Defendant raised in his Opposition.

underlying transaction and the parties.  Thus, the forum selection clause must be enforced and the case should remain in this forum.

Given the enforceable nature of the forum selection clause, the inquiry into the proper forum for this case should proceed no further.  But even if the Court conducted a *forum non conveniens* analysis, it should still conclude that Defendant failed to meet the heavy burden of showing this is the rare case in which Plaintiff's choice of forum should be disturbed.  Plaintiff's choice is entitled to substantial deference and the balancing of the interests does not tilt the balance in favor of Nevada.  The Cross-Motion, therefore, should be dismissed.

## ARGUMENT

A forum selection clause in favor of the federal and state courts in the City of New York features prominently in the Guaranty[2] at issue in this case.  It states:

> **ANY LEGAL SUIT, ACTION OR PROCEEDING AGAINST ADMINISTRATIVE AGENT, LENDER OR GUARANTOR ARISING OUT OF OR RELATING TO THIS GUARANTY MAY AT ADMINISTRATIVE AGENT'S OPTION BE INSTITUTED IN ANY FEDERAL OR STATE COURT IN THE CITY OF NEW YORK, COUNTY OF NEW YORK, PURSUANT TO SECTION 5-1402 OF THE NEW YORK GENERAL OBLIGATIONS LAW AND GUARANTOR WAIVES ANY OBJECTIONS WHICH IT MAY NOW OR HEREAFTER HAVE BASED ON VENUE AND/OR FORUM NON CONVENIENS OF ANY SUCH SUIT, ACTION OR PROCEEDING, AND GUARANTOR HEREBY IRREVOCABLY SUBMITS TO THE JURISDICTION OF ANY SUCH COURT IN ANY SUIT, ACTION OR PROCEEDING.**

(Guaranty (Mann Decl., Ex. B) § 10 (emphasis in original).)

Despite this unambiguous language, Defendant argues that the parties' agreement to litigate in New York must be disregarded, and that the action should be dismissed because New

---

[2] Capitalized terms not defined herein have the meaning ascribed to them in Plaintiff's opening brief (ECF 1-3.)

York is not a convenient forum. (Cross-Motion at 18–25.) Defendants' arguments are contrary to well settled law and, thus, meritless.

## I.  THE FORUM SELECTION CLAUSE MUST BE ENFORCED.

Federal courts in this District are clear: "[t]here exists a strong presumption favoring enforcement of freely negotiated choice of forum provisions." *Wells Fargo Century, Inc. v. Brown*, 475 F. Supp. 2d 368, 371 (S.D.N.Y. 2007) (quoting *Koninklije Philips Elecs. v. Digital Works, Inc.*, 358 F. Supp. 2d 328, 332 (S.D.N.Y. 2005). "A party seeking to prevent the enforcement of a forum selection clause 'bear[s] the heavy burden of making a strong showing in order to overcome the presumption of validity." *Id.* (quoting *Eslworldwide.com, Inc. v. Interland, Inc.*, 2006 WL 1716881 at *2 (S.D.N.Y. June 21, 2006).

In determining whether the presumption of validity has been overcome, the court will assess *first* whether the forum selection clause was reasonably communicated to defendant; *second*, whether the forum selection clause is mandatory or permissive; and *third*, whether the claims and the parties involved in the action are subject to the forum selection clause. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007). If the clause was communicated to defendant, is mandatory, and covers the claims and parties in the dispute, the clause is presumptively enforceable. *Id.* The court will then ascertain the *fourth* factor; namely, whether defendant rebutted the presumption of enforceability "by making a sufficient strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* at 383–84.

### A.  The Forum Selection Clause in the Guaranty Is Mandatory.

Defendant concedes the first and third factors. In other words, he acknowledges that the forum selection clause was communicated to him and that the claims and parties to this action

3

are subject to that clause.  (Cross-Motion at 19.)  In order to avoid the foregoing analysis, however, Plaintiff argues that the forum selection clause is permissive, not mandatory, and therefore that the selection of federal or state courts in New York City need not be enforced.  (*Id.* at 18–21.)  In support, Defendant relies on the fact that the forum selection clause "does not state that the suit 'shall be' or 'must be' brought in the courts of New York," but only that it "may" be brought there.  (*Id.* at 20.)

In doing so, Defendant ignores that "New York courts have repeatedly held that a facially permissive forum selection clause becomes mandatory when combined with other language of exclusivity in the contractual provisions, such as a waiver of venue and forum objections by the parties."  *Flextronics Da Amazonia Ltda. v. CRW Plastics USA, Inc.*, 2023 WL 8270818, at *3 (2d Cir. Nov. 30, 2023); *Bank Leumi v. Ehrlich*, 98 F. Supp. 3d 637, 652 (S.D.N.Y. 2015) ("a forum selection clause, though facially permissive, may nonetheless be deemed mandatory if it 'combines permissive forum selection language with an express waiver of venue objections'") (quoting *Eastman Chem. Co. v. Nestle Waters Mgmt. & Tech.*, 2011 WL 4005345, at *2 (S.D.N.Y. Aug. 29, 2011)).

In *Flextronics*, the guaranty "contain[ed] unambiguous language that the parties 'waive any objection [they] may have to venue or to convenience of forum,' and the court held that, as a result, there is 'no reason to engage in further inquiry as to whether aspects of the forum selection clause, including the use here of the phrase 'may be brought', could be interpreted as permissive standing alone." *Flextronics*, 2023 WL 8270818, at *4.  Thus, the *Flextronics* court concluded that "the forum selection clause, combined with the waiver of venue and forum objections, constitutes a mandatory forum selection clause under New York law that is entitled to a presumption of enforceability." *Id.*  In another case, one of the contracts at issue contained a

4

waiver of any claims of *forum non conveniens* in addition to a forum selection clause, and the Second Circuit concluded that "[t]he combination of these clauses amounts to a mandatory forum selection clause at least where the plaintiff chooses the designated forum." *Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 700 (2d Cir. 2009). So too here. The forum selection clause in the parties' Guaranty is facially permissive (providing that a suit "may be" instituted in the chosen fora), but it includes a very broad waiver by Defendant of "any objections which it may now or hereafter have based on venue and/or forum non conveniens of any such suit." (Guaranty, § 10.) Consistent with these precedents, the clause at issue here is mandatory.

This conclusion is reinforced by additional language in the Guaranty. The forum selection clause provides that Defendant "irrevocably submits to the jurisdiction" of the federal and state courts in New York City "in any suit, action or proceeding." (Guaranty, § 10.) Federal courts in New York analyzing similar forum selection clauses in guaranties have held that those clauses were mandatory, despite lack of mandatory-type language. For instance, in *Wells Fargo Century*, "the Guaranty [did] not include usage of the terms 'shall' or 'exclusive.'" But because the parties "expressly submit[ted] and consent[ed]" to the jurisdiction of the Supreme Court of the State of New York for "any claim or demand," the Court held that "the forum selection clause in the Guaranty [was] mandatory." *Wells Fargo Century*, 475 F. Supp. 2d at 371–72; *see also Bank Leumi*, 98 F. Supp. 3d 637, 652–53 (forum selection clause held presumptively enforceable where it provided that any legal proceeding arising from or related to the relevant agreement "may" be brought in "any state or federal court located in New York County," and that the parties consented to personal jurisdiction and venue of those courts).

There is still a third independent reason why the forum selection clause in the Guaranty is mandatory: the decision on whether to sue in one court or another is left exclusively to Delphi's

5

discretion and is binding on Defendant.  In *AGR Financial*, the court evaluated a forum selection clause that provided that any suit against the seller may be brought in the courts of the State of New York in the City of New York or in the Southern District of New York, "as AGR may elect."  *AGR Fin., L.L.C. v. Ready Staffing, Inc.*, 99 F. Supp. 2d 399, 400 (S.D.N.Y. 2000).  The court explained:

> The use of the word 'may' does not negate the mandatory nature of the forum selection clause. All it does is make clear that it is up to AGR whether it will enforce the clause by bringing suit in either the New York state or federal forum. AGR is not compelled to bring suit in either forum but once it chooses to do so, its decision is binding.

*Id.* at 402; *see also Export-Import Bank of U.S. v. Hi-Films S.A. de C.V.*, 2010 WL 3743826, at *7 (S.D.N.Y. Sept. 24, 2010) (where forum selection clause provided that a number of courts might have jurisdiction but left it to the holder to determine where the lawsuit would proceed, and where the guarantors waived other jurisdictions, the holder's choice of forum was "binding and exclusive" and the forum selection clause was "mandatory"); *City of New York v. Pullman Inc.*, 477 F. Supp. 438, 442 n.11 (S.D.N.Y. 1979) ("[a]n agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere *unless … it leaves it in the control of one party with power to force on its own terms the appropriate forum*) (emphasis added); *accord Snapper, Inc. v. Redan*, 171 F.3d 1249, 1262 n.24 (11th Cir. 1999) (where the forum selection clause in a guaranty gave creditor a right to choose the forum, "[t]he contract is 'mandatory' as to the Guarantors … because it requires an absolute submission by them to the jurisdiction of whichever of these fora [the creditor] chooses").  Here, too, any suit arising from the Guaranty may be brought in any federal or state court in the City of New York "at Administrative Agent's [*i.e.*, Delphi's] option," which means that once Delphi made its choice, Defendant is not entitled to have the case transferred to another forum.

6

In sum, there is not one but three independent reasons why the forum selection clause in the Guaranty is mandatory and must be enforced: (1) Defendant waived any objection as to venue and the *forum non convenience* defense; (2) Defendant irrevocably submitted to the jurisdiction of the federal and state courts in New York City; and (3) the choice of forum was left exclusively to Delphi, and Delphi's choice is binding on Defendant.  Indeed, a case decided by the Southern District of New York just last month provides additional support for this conclusion.  *See Greyhawk Hawthorne Lender, LLC v. Vella*, 2025 WL 1730258, at \*14 (S.D.N.Y. June 23, 2025).  As in this case, *Greyhawk* involves the enforcement of a guaranty.  In *Greyhawk*, as here, plaintiff commenced the action by filing a motion for summary judgment in lieu of complaint pursuant to CPLR 3213 in New York state court, and defendant removed the case to the Southern District of New York.  *Id.* at \*2, 4.  The forum selection clause in *Greyhawk* is virtually identical to the clause here, almost word for word.[3]  The Southern District reasoned as follows:

> The Guaranty states that the Guarantor waives objections based on venue or forum non conveniens and irrevocably submits to the jurisdiction of the court the Lender chooses.  This manifests the intent of the parties that once the Lender chooses a New York state or federal court, that decision will be binding on the Guarantor.  It would be inconsistent with this intent to allow the Guarantor to remove the case and transfer it to another forum…

---

[3] Below is a comparison of the clause in Greyhawk's guaranty against the clause in the Guaranty here:

> Any legal suit, action or proceeding against ~~Administrative Agent,~~ Lender or Guarantor arising out of or relating to this Guaranty may at ~~Administrative Agent's~~ Lender's option be instituted in any federal or state court in the City of New York, County of New York, pursuant to <u>Title 14</u> section 5-1402 of the New York General Obligations Law<u>,</u> and Guarantor waives any objections which it may now or hereafter have based on venue and/or forum non conveniens of any such suit, action or proceeding, and guarantor hereby irrevocably submits to the jurisdiction of any such court in any suit, action or proceeding.

*Id.* at \*14.  The Court should come to the same conclusion here.

Moreover, none of the cases cited in Defendant's brief are applicable here because in all those cases plaintiff had commenced the litigation in a forum *other* than that selected in the underlying contract.  The courts concluded plaintiff could choose to sue in a different jurisdiction because the clause was permissive.  Here, instead, Plaintiff brought the action precisely in the court identified by the parties in the Guaranty.  Defendant is trying to deprive Plaintiff of its choice and in effect invalidate the forum selection clause.[4]  Because Plaintiffs elected to pursue this action in New York consistent with the terms of an enforceable forum selection clause, the analysis should end here and Defendant's motion should be denied.

### B.      Enforcement of the Forum Selection Clause Is Reasonable.

Defendant argues that it would be unreasonable to enforce the forum selection clause in the Guaranty.  (Cross-Motion at 20.)  The "unreasonable" exception to the enforceability of a forum selection clause agreed upon by the parties "is interpreted narrowly."  *Wells Fargo Century*, 475 F. Supp. 2d at 371 (quoting *Koninklije Philips Elecs. v. Digital Works, Inc.*, 358 F. Supp. 2d. 328, 332 (S.D.N.Y. 2005)).  "It renders a forum selection clause unenforceable … (1) if its incorporation into the agreement was the result of fraud or overreaching; (2) if the

---

[4] All the cases cited by Defendant are distinguishable for other reasons too.  Two of them have no reference to any waivers of venue or *forum non conveniens* defenses, or to defendant's submission to the jurisdiction of any court.  *See Global Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011); *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc.*, 22 F.3d 51, 52 (2d Cir. 1994).  *Dunne* is a case from outside the Second Circuit, was decided pursuant to Illinois—not New York—law, and involved a clause with no apparent waiver of venue or *forum non conveniens* defenses.  *Dunne v. Libbra*, 330 F.3d 1062, 1063–64 (8th Cir. 2003).  Finally, *MRP Trading,* also a case from outside the Second Circuit, was decided pursuant to Texas—not New York—law.  *MRP Trading I A, LLC v. Eberhart*, 526 F. Supp. 3d 470, 481 (D. Minn. 2021)  Importantly, in *MRP Trading*, the forum selection clauses expressly stated that the parties irrevocably submitted "to the *non-exclusive* jurisdiction" of the courts in Houston, Texas, and therefore the court found that the "plain language of each of the clauses in this case shows that they are permissive."  *Id.* (emphasis in original).

complaining party "will for all practical purposes be deprived of his day in court" due to the grave inconvenience or unfairness of the selected forum; (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) if the clauses contravene a strong public policy of the forum state." *Id.*

Defendant does not assert, much less establish, *any* of those exceptions. Instead, he relies only on the false allegation that "[t]here is absolutely no nexus here between the Guaranty, Defendant, or the Property to New York." (Cross-Motion at 21.) That statement is belied by Defendant's own admission in the Loan Agreement (which he signed on behalf of Borrower) that New York "**HAS A SUBSTANTIAL RELATIONSHIP TO THE PARTIES AND TO THE UNDERLYING TRANSACTION EMBODIED HEREBY**." (Loan Agreement (Mann Decl., Ex. A) § 8.7 (emphasis in original)). In fact, the parties agreed in the Loan Agreement that:

- "This agreement was negotiated in the State of New York."
- "The loan was made by Lender and accepted by Borrower in the State of New York."
- "The proceeds of the Loan delivered pursuant [to the Loan Agreement] were disbursed from the State of New York."

(*Id.*) In addition, Plaintiff is authorized to do—and in fact does—business in New York. (Mann Decl., ¶ 5.) Both Plaintiff and the authorized agent through which it acts, ACORE Capital Mortgage, LP ("ACORE"), have offices in New York. (*Id.*, ¶¶ 6–7.) The operations and accounting teams in ACORE Capital's New York office worked on the funding of the Loan to Borrower. (*Id.*, ¶ 8.) And Borrower's payment of draw fees under the Loan Agreement were made into a bank account in New York. (*Id.*, ¶ 10.) Further, New York law governs both the Loan Agreement and the Guaranty. (Loan Agreement, § 8.7; Guaranty, § 10.) And in the Guaranty, Defendant expressly designated an agent for service of process in New York for any suit, action or proceeding arising out of or relating to the Guaranty, evidencing Defendant's expectation and agreement that such suit, action or proceeding would be heard by a New York

9

court.  (Guaranty, § 10.)  In light of the multiplicity of connections between the transaction giving rise to this dispute and New York, Defendant's argument that it is unreasonable to enforce the Guaranty's forum selection clause due to a lack of nexus with New York must fail.[5]

Even if the transaction did not have a substantial relationship to New York (which it does), the selection of New York as the forum here would still be valid and enforceable pursuant to New York General Obligations Law, on which the parties expressly relied both in the Loan Agreement and the Guaranty.  (Loan Agreement, § 8.7; Guaranty, § 10.)  Section 5-1402 of New York General Obligations Law provides that any person may maintain an action against a foreign party or non-resident in New York, as long as (a) the parties agreed that New York law will apply to the dispute, (b) the transaction at issue amounts to at least $1 million, and (c) the foreign party agreed to submit to the jurisdiction of the New York courts.[6]  There is no dispute that each element of that test is met here.

---

[5] The two cases on which Defendant relies are inapposite.  One involved an 86-year old California resident who owed a "minor" amount (less than $2,000) in connection with a transaction executed in California (*N. Leasing Sys., Inc. v. French* 48 Misc.3d 43, 45 (1st Dep't 2015), whereas this dispute involves a sophisticated business person, who guaranteed the repayment of a $138 million loan, in the context of a transaction that, by Defendant's own admission, was negotiated and accepted in New York.  (Loan Agreement, § 8.7.)  The second case involved a Delaware forum selection.  *U.S. Mdse., Inc. v. L&R Distribs., Inc.*, 122 A.D.3d 613, 613 (2d Dep't 2014).  There, neither party was located in Delaware, the agreement was not executed in Delaware, and performance of the agreement was not to take place in Delaware (*id.*, at 614), whereas here, Plaintiff does business in New York, the Loan Agreement was negotiated and the Loan accepted in New York, and performance (disbursement of the Loan and payment of draw fees) took place in New York.  (Mann Decl., ¶¶ 5, 9–10; *id.*, Ex. A, § 8.7(A).)

[6] Section 5-1402 of New York General Obligations Law provides, in relevant part:

> Choice of forum. 1. Notwithstanding any act which limits or affects the right of a person to maintain an action or proceeding, including, but not limited to, paragraph (b) of section thirteen hundred fourteen of the business corporation law and subdivision two of section two hundred-b of the banking law, any person may maintain an  action or proceeding against a foreign corporation, non-resident, or foreign state where the action or proceeding arises out of or relates to any contract, agreement or undertaking for which a choice of New York law has been made in

Defendant failed to meet the "heavy burden" of making "a strong showing" of unreasonableness, and therefore did not rebut the presumption that the forum selection clause agreed upon by the parties in the Guaranty is valid and enforceable. *See Wells Fargo Century,* 475 F. Supp. 2d at 371; *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383–84. The forum selection clause is reasonable and must be enforced as written.

## II.    THE ACTION SHOULD NOT BE DISMISSED ON FORUM NON CONVENIENS GROUNDS.

In light of the enforceable forum selection clause, Defendant's express waiver of the *forum non conveniens* defense, and its irrevocable submission to the jurisdiction of New York courts, the Court should not engage in a *forum non conveniens* analysis. (Guaranty, § 10.)[7] If it does, however, it should still conclude that the action should remain in New York.

"Any review of a forum non conveniens motion starts with 'a strong presumption in favor of the plaintiff's choice of forum.'" *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 154 (2d Cir. 2005) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)). "Indeed, it is generally understood that, 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *Id.* (quoting *Gulf Oil*, 330 U.S. at 508).

---

whole or in part pursuant to section 5-1401 and which (a) is a contract, agreement or undertaking, contingent or otherwise, in consideration of, or relating to any obligation arising out of a transaction covering in the aggregate, not less than one million dollars, and (b) which contains a provision or provisions whereby such foreign corporation or non-resident agrees to submit to the jurisdiction of the courts of this state.

[7] *See also Maersk, Inc. v. Neewra, Inc.*, 554 F. Supp. 2d 424, 450 (S.D.N.Y. 2008) (stating that the "*forum non conveniens* argument falls flat on its face as to" defendants that contractually consent to a particular forum); *Sterling Nat'l Bank as Assignee of NorVergence v. Eastern Shipping Worldwide*, 826 N.Y.S.2d 235, 238 (1st Dep't 2006) ("[W]here a party to a contract has agreed to submit to the jurisdiction of a court, that party is precluded from attacking the court's jurisdiction on forum non conveniens grounds.").

11

"A defendant generally 'bears a heavy burden' when it seeks to invoke *forum non conveniens*." *Global Art Exhibitions, Inc. v. Kuhn & Bülow Italia Versicherungsmakler GmbH*, 607 F. Supp. 3d 421, 436 (S.D.N.Y. 2022) (quoting *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007)).

The *forum non conveniens* analysis proceeds in three steps. First, the court assesses the level of deference to be accorded to plaintiff's choice of forum. *See Iragorri v. United Techs. Corp.,* 274 F.3d 65, 73 (2d Cir. 2001). Second, the court determines whether an adequate alternative forum exists. *See id.* at 73–74. Third, the court weighs the private and public interest factors identified in the U.S. Supreme Court's decision *Gulf Oil Corp. v. Gilbert* to determine which forum is the more appropriate location for the action. *See id.* (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09 (1947).)

### A.      Plaintiff's Choice of Forum Is Entitled to Substantial Deference.

In the Second Circuit, "the degree of deference to be given to a plaintiff's choice of forum moves on a sliding scale depending on several relevant considerations." *Iragorri*, 274 F.3d at 71. "The more it appears that a … plaintiff's choice of forum has been dictated by reasons that the law recognizes as valid, the greater the deference that will be given to the plaintiff's forum choice." *Id.* "On the other hand, the more it appears that the plaintiff's choice of a … forum was motivated by forum-shopping reasons … the less deference the plaintiff's choice commands." *Id.* Here, there is no dispute that Delphi chose to sue in New York for legitimate reasons:[8]

---

[8] The Second Circuit identified a few factors that "argue against *forum non conveniens* dismissal," including the convenience of the plaintiff's residence in relation to the chosen forum, the availability of witnesses or evidence to the forum district, the defendant's amenability to suit in the forum district, the availability of appropriate legal assistance, and other reasons relating to convenience or expense. *Iragorri*, 274 F.3d at 71–72.

12

1. New York is the forum agreed upon by the parties in the Guaranty.  (Guaranty, § 10.)

2. Defendant is amenable to suit in New York because it irrevocably submitted to the jurisdiction of New York courts.  (*Id.*)

3. Under the Guaranty, Defendant designated an agent for service of process in New York, and therefore it could easily be served with process here.  (*Id.*)

4. Legal assistance is available in New York; in fact, so far four New York-based attorneys have entered appearances to represent Defendant in this litigation.

5. Plaintiff is authorized to do business in New York and does, in fact, conduct business in New York.  (*Id.*, ¶ 5.)

6. Plaintiff and its authorized agent have offices in New York.  (Mann Decl., ¶¶ 6–7.)

7. The loan was funded from New York and draw fees were paid into an account in New York.  (*Id.*, ¶¶ 9-10.)

8. Relevant documents and witnesses are in New York.  (*Id.*, ¶ 11.)

9. The underlying transaction was negotiated in New York.  (Loan Agreement, § 8.7.)

10. As Plaintiff and Defendant acknowledged in writing, New York has a substantial relationship to the parties and the underlying transaction.  (*Id.*)

Defendant does not contest that Plaintiff sued in New York for legitimate reasons and does not

argue that by suing in New York, Plaintiff was forum-shopping or seeking to impermissibly

obtain an advantage.[9]  Accordingly, Plaintiff's choice of the New York forum is entitled to

---

[9] In fact, it is Defendant who is moving to dismiss for tactical rather than legitimate purposes.  On June 20, 2025—the same day he filed this Cross-Motion—Defendant commenced an action against Delphi in the District of Nevada, despite the unambiguous forum selection clause in favor of New York courts and Defendant's "irrevocable" submission to the jurisdiction of New York courts. (Guaranty, § 10.)  Notably, Delphi had commenced this litigation against Defendant in New York over two months earlier, on April 7, 2025.  Defendant's Nevada action, therefore, is subject to dismissal pursuant to the first-filed rule.  *Lau v. Wells Fargo & Co.*, 2021 WL 1198964, at *5 (S.D.N.Y. Mar. 30, 2021) ("If the first-to-file rule applies to a case, a district court has broad discretion to dismiss a lawsuit that is duplicative of a prior action.") (quotation marks omitted).  Defendant's filing of his Cross-Motion seeking to dismiss this New York action on *forum non conveniens* grounds is a transparent attempt to avoid such dismissal and permit the litigation to proceed in his backyard.

13

substantial deference.[10]

### B.       Defendant Failed to Establish that the Private and Public Interest Factors Tilt the Balance in Favor of Dismissal.

In this Circuit, an action should be dismissed on *forum non conveniens* grounds "only if the chosen forum is shown to be genuinely inconvenient and the selected forum significantly preferable." *Iragorri*, 274 F.3d at 75.  Defendant has not made that showing.  In fact, a balancing of the private and public interest factors shows this is not the "rare" case where the plaintiff's choice of forum should be disturbed.

### 1.       Private Interest Factors

The private interest factors address "convenience of the litigants," including the "relative ease of access to sources of proof," "the availability of compulsory process for attendance of unwilling [witnesses]," "the cost of obtaining attendance of willing[] witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Iragorri*, 274 F.3d at 73–74.

As a threshold matter, none of the factors relating to the location of the evidence are relevant because this case should be decided as a matter of law, as Plaintiff argued in its pending motion for summary judgment (and its upcoming reply brief in further support of that motion).[11]

---

[10] Defendant relies on *Star Colbert v. Dougan*, 724 F. Supp. 3d 304, 319 (S.D.N.Y. 2024)) (Cross-Motion at 22), but that case is distinguishable.  The contracts at issue there did not include a forum selection clause in favor of New York courts or a waiver of objections to New York jurisdiction, as is the case here.  In fact, the contracts at issue in *Star Colbert* included forum selection clauses in favor of the courts of *Zurich*, which the court found weighed in favor of dismissal on *forum non conveniens* grounds.  *Star Colbert*, 724 F. Supp. 3d at 318.

[11] Because the Guaranty at issue here is absolute and unconditional (Guaranty, §§ 1–2), Defendant "waived his right to assert any defenses to Plaintiff's demand for payment." *Hudson Valley Bank, N.A. v. Banxcorp*, 2010 WL 3516076, at *9 (Sup. Ct. Westchester Cty. Sept. 7, 2010).  Thus, no discovery is required or should be permitted with respect to the defense of alleged collusion Defendant is seeking to litigate here.

14

But even assuming for purposes of this analysis that the case proceeds to discovery (it should not), the private interest factors do not tilt the balance in favor of Nevada courts.

*First*, "[t]he existence of a mandatory forum selection clause," like the one here, "generally requires that the Court deem that private interest factors weigh in favor of the pre-selected forum." *In re Nine West Holdings, Inc.*, 614 B.R. 175, 185–86 (Bkrtcy. S.D.N.Y. 2020).

*Second*, Defendant alleges that all of his witnesses and documents are located in Nevada (Cross-Motion at 23), but he fails to recognize that documents and witnesses relevant to this case also exist in New York and elsewhere. The operations and accounting teams in the New York office of Plaintiff's authorized agent were in charge of funding the Loan guaranteed by Defendant. (Mann Decl., ¶ 8). In addition, the payments of draw fees by Borrower were made into an account in New York. (*Id.*, ¶ 10.) Therefore, documents relating to and witnesses with information on the amount currently due under the Loan and concomitantly under the Guaranty are in New York. (*Id.*, ¶ 11.) In addition, the officers involved in Plaintiff's settlement agreement with Borrower, which is at the core of Defendant's (false) allegation of collusion, are in Texas and California, not in Nevada. (*Id.* ¶ 12.) And the representatives of the Gryphon Members, Kirk Walton and Philip Oleson, are based in Utah[12] or Idaho.[13]

*Third*, Defendant's conclusory assertion that it will be "difficult, cumbersome, and expensive for Beavor to obtain and submit the depositions and documents necessary for his defense in and to a New York court" (Cross-Motion at 23) should not be given weight. New

---

[12] *See* Beavor Decl. (ECF 16-1), ¶¶ 5–6.

[13] *See* FINRA, BrokerCheck Report for Kirk Walton, available at https://files.brokercheck.finra.org/individual/individual_3091642.pdf, at 5; FINRA, BrokerCheck Report for Philip Oleson, available at https://files.brokercheck.finra.org/individual/individual_3129451.pdf, at 5.

York courts routinely find that the need to transport documents (even internationally) does *not* weigh in favor of dismissal.  *See, e.g., DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 30 (2d Cir. 2002) ("The defendants have failed to explain how transporting the documents or copies of them [from Ontario to New York] would be 'oppressive' or 'vexatious' . . . . And, absent an explanation, less weight should be accorded this factor.").  Similarly, courts routinely find that advances in modern transportation negate concerns about the inconvenience of parties and witnesses needing to travel to another jurisdiction.  *See Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 10 (2d Cir. 1995) (stating in 1995 that "in recent years, the courts of this circuit have emphasized that a forum is not necessarily inconvenient because of its distance from pertinent parties or places if it is readily accessible in a few hours of air travel").

*Finally*, Defendant argues that he would like to bring "claims"  against the Gryphon Members "in the context of a third-party complaint" and that they are not subject to jurisdiction in New York.  (Cross-Motion at 23.)  But Defendant cannot bring a third-party complaint here because he waived the right "to assert any claim against or seek contribution, indemnification or any other form of reimbursement from Borrower or any other party liable for payment of any or all of the Guaranteed Obligations . . . ."  (Guaranty, § 3(vi).)  Further, Defendant could only bring a third-party complaint in this action against "a nonparty who is or may be liable to [Defendant] for all or part of the claim against it."  Fed. R. Civ. P. 14(a).  Here, to the extent Defendant's purported third-party claims relate to Defendant's allegations of "collusion" between Plaintiff and the Gryphon Members (*see, e.g.*, Cross-Motion at 1), those claims would not render the Gryphon Members secondarily liable to Plaintiff for Plaintiff's claims against Defendant under the Guaranty, and therefore a third-party complaint in this action would be misplaced.  *See Int'l Paving Sys., Inc. v. Van-Tulco, Inc.*, 866 F. Supp. 682, 686–87 (E.D.N.Y.

16

1994) ("The mere fact that the alleged third-party claim arises from the transaction or set of facts as the original claim is not enough.")  In any event, "defendant's inability to implead third parties is not enough to justify denying the plaintiff its chosen forum." *Shipping Corp. of India, Ltd. v. American Bureau of Shipping*, 603 F. Supp. 801, 806 (S.D.N.Y. 1985) (citation omitted); *see also Massaquoi v. Virgin Atlantic Airways*, 945 F. Supp. 58, 63 (S.D.N.Y. 1996) (noting that the inability to implead a third party "is not conclusive and courts have refused to dismiss actions on such grounds") (citation omitted).

### 2.     Public Interest Factors

The public interest factors include administrative difficulties flowing from court congestion; the local interest in having controversies decided at home; the interest in having a trial in a forum that is familiar with the law governing the action; the avoidance of unnecessary problems in conflict of laws or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.  *Gulf Oil*, 330 U.S. at 508–09.

The balancing of these public interests does not tilt the balance in favor of the Nevada courts.  *First*, courts in the Second Circuit have rejected the notion that the Southern District's busy docket warrants dismissal on *forum non conveniens* grounds.  *See Cromer Fin. Ltd. v. Berger*, 158 F. Supp. 2d 347, 356 (S.D.N.Y. 2001) ("While the docket of the Southern District is an active one, courts in this district have shown themselves more than able to address the issues that arise in complex actions in an expeditious and comprehensive manner."); *Miller v. Calotychos,* 303 F. Supp. 2d 420, 429 (S.D.N.Y. 2004).  *Second*, Defendant concedes that he waived any right to a jury trial in connection with litigation on the Guaranty (*see* Guaranty, § 11; Cross-Motion at 24 n.6.); therefore, the unfairness of imposing jury duty on a community

17

unrelated to the dispute is not at play here.[14]  *Third*, Defendant's claim that Nevada has a more significant interest is belied by Defendant's consent to the jurisdiction of New York courts.  In addition, courts have recognized New York's interest "in maintaining and fostering its undisputed status as the preeminent commercial and financial nerve center of the Nation and the world." *Ehrlich-Bober & Co. v Univ. of Houston*, 49 N.Y.2d 574, 581 (N.Y. 1980).  That interest embraces the policy of offering access to its courts, which "dispassionately administer[] a known, stable, and commercially sophisticated body of law." *Id.  Finally*, Defendant concedes that New York law applies to this dispute, which also weighs in favor of retaining the case in New York.  (Cross-Motion at 25.)

In sum, Plaintiff's choice of the New York forum is entitled to substantial deference and Defendant failed to meet his heavy burden to show that the balancing of the public and private interests at play strongly tilts the balance in favor of dismissal.  Thus, Plaintiff's choice of forum should not be disturbed and the action should remain in New York.

## CONCLUSION

For the foregoing reasons, Defendant's Cross-Motion to Dismiss this action on *forum non conveniens* grounds should be dismissed with prejudice.

---

[14] Defendant's oblique reference to the ability to "challenge" this waiver without any additional explanation warrants no additional consideration in this analysis.  (*See* Cross-Motion at 24 n.6).

Dated: New York, New York
       July 7, 2025

HUNTON ANDREWS KURTH LLP

By: */s/ Patrick L. Robson*
    Patrick L. Robson
    Silvia N. Ostrower
    Mitchell E. McCloy
    200 Park Avenue
    New York, New York 10166
    Telephone: (212) 309-1000
    Facsimile: (212) 309-1100
    probson@Hunton.com
    sostrower@Hunton.com
    mmccloy@Hunton.com

    *Attorneys for Plaintiff*
    *Delphi CRE Funding LLC*

19

## WORD COUNT CERTIFICATION

I hereby certify that this Memorandum of Law in Opposition to Defendant's Cross-Motion to Dismiss on *Forum Non Conveniens* Grounds complies with the word count limitations as set forth in SDNY Local Rule 7.1(c).  In determining compliance, I relied on the word count function of the word-processing system used to prepare this document.  The total number of words in this Memorandum, exclusive of the table of contents, table of authorities, caption, signature block, and affidavit of service is 6,291 words.

Dated: July 7, 2025.

*/s/ Patrick L. Robson*
Patrick L. Robson

123032.0000018 DMS 351876793v4